Case 105—PETITION EQUITY—June 8.

# Moore v. Moore's Heirs, &c.

### APPEAL FROM MADISON COURT OF COMMON PLEAS.

DECEDENTS' ESTATES—MONEY PAID CREDITORS UNDER MISTAKE AS TO SOLVENCY OF ESTATE.—A testator devised the principal part of his estate to his wife, with the request that she pay the debts of the estate out of the proceeds of a policy of life insurance made payable to her, and further providing that "after the debts are paid she will retain the amount of the estate to herself." The widow qualified as one of the

executors and proceeded to pay the debts out of the proceeds of the insurance policy, until that fund was exhausted. The widow, fearing that the estate would prove insolvent, renounced the provisions of the will in her behalf and claimed dower in all the realty, and the estate having, in fact, proved insolvent, and the widow and her co-executors having resigned as executors, she now seeks by this action to recover of the creditors the amount of insurance money paid them, upon the ground that it was paid under the belief that the estate would be perfectly solvent, and that she would be fully indemnified out of the estate devised to her. *Held*—That, as the money was paid under a plain mistake of facts, and the status of the creditors has not been changed, the widow is entitled to recover.

JOHN BENNETT AND ROBERT FLUTY FOR APPELLANTS.

Appellant having received, on a policy of insurance on the life of her husband, a certain amount of money, and believing that the estate was solvent and that her distributive share would compensate her, allowed the personal representative to collect and pay out the money to the creditors of the decedent, and the estate proving insolvent, she is entitled to recover from creditors of the decedent to whom the money was distributed the amount of the policy, on the ground that it was paid under a mistake of fact. (Gen. Stat., chap. 39, art. 2, sec. 42; Lawson v. Hansborough, 10 B. M., 147; 7 Kentucky Law Reporter, 492.)

ISAAC N. CARDWELL, S. P. HOGG AND ROBT. RIDDELL FOR APPELLEES.

Such a payment out of the insurance money entitled appellant to be substituted to the rights of the creditors against the estate, but gave no right to recover of the creditors the amount paid them. Such money received by the personal representative and by him paid out can not be recovered as the money of appellant. (Lawson v. Hansborough, 10 B. M., 147; Brooking v. Farmers' Bank, 7 Ky. L. R., 492.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Harry Moore, of the county of Estill, died, leaving a will that was admitted to probate in November, 1882, and the executors, Mat. Cockrill and Mrs. Moore, the widow, qualified as such on the same day. Prior to his death he had obtained a policy of insurance on his life for five thousand dollars, for the benefit of his wife, that was collected after his death and the proceeds paid by

his executors to the creditors of the estate.   The devisor devised the whole of his estate, with the exception of some small bequests, to his wife for life, subject to the payment of his debts, with a request made in his will that his wife pay the creditors out of the proceeds of the life policy, as she could retain that much out of his estate.   When the executors made an inventory of the estate they reported the amount received from the life policy as a part of the assets, making the personal estate of the value of some nine thousand dollars, but deducting the amount of the policy which, when collected, amounted to near seven thousand dollars, and there was but little over three thousand dollars of assets that passed to the executors.   They began at once to pay off the debts, and using the money derived from the policy of insurance for that purpose until it was all exhausted. The testator owned a very large landed estate, but the widow, fearing that the estate would prove insolvent, renounced the provisions of the will within proper time made in her behalf, and claimed dower in all the realty. After that was done she, in conjunction with her co-executor, filed the present action in the month of January, 1884, in which they alleged the insufficiency of the personal estate to pay the debts, and asked for the sale of the land for that purpose, and alleging the payment by the widow of this insurance money in discharge of the debts, and claiming the same as a charge against the estate; also alleging that the estate would be ample to satisfy all demands.   During the pending of the action the widow and Cockrill both resigned their trust, and Harris was appointed administrator with the will annexed, and sub-

stituted as a plaintiff. It was at that time ascertained that the estate would prove insolvent, and the widow, who was made a defendant after she resigned as executrix, filed an answer and cross-petition against the plaintiff, and in the nature of an original action against the creditors, claiming to recover back from the creditors the amount of the insurance money paid them, on the ground that it had been paid under the belief that the estate would be perfectly solvent, and the appellant, the widow, fully indemnified out of the assets or the realty that had been devised to her. That the money was paid under the belief that the estate was ample to pay all creditors, leaving a considerable estate for the widow, is apparent from the facts. The creditors resisted the recovery, and the Chancellor below held, that under the circumstances she could only be substituted to the rights of the creditors she had paid, and get on these claims with the other creditors her *pro rata* share of the proceeds of the estate. The widow claims that as the money was paid under a plain mistake of facts, she ought to be allowed to recover it back.

The statute provides that when, by mistake, one creditor is paid more than his proportion of the assets, the amount overpaid may be recovered back by the personal representative (Gen. Stats., chap. 39, art. 2, sec. 42), for the reason, doubtless, that all creditors (if general creditors) standing on the same footing are entitled to be paid alike, and all they can claim, or have any right to receive, is their *pro rata* portion of the assets. They lose nothing when they receive all the estate can pay. The question is, does this statute apply in a case like this, or, if not, is there any rule of law or

equity that will give the relief sought? The administrator who qualified when the widow resigned as the representative of the husband, is not asking that the creditors be made equal, and those receiving more than they were entitled to, refund, but the widow, who has paid this money under a mistaken belief as to the solvency of the estate, is asserting her right to the relief, on the ground of a payment, by mistake, to the creditors of money to which they were not entitled either in law or equity. The testator and his personal representatives, the widow being one of them, believed that the estate was amply sufficient to pay the debts, and that the widow, as the principal devisee, would be fully compensated and indemnified in paying her own money to satisfy the claims of creditors. Her husband, the testator, therefore, says to his wife, in the fourth clause of his will: "I would be glad " if my wife would pay the amount of my life policy, " that will be going to her at my death, on the debts of " my estate; after the debts are paid she will retain the " amount of the estate to herself." The personal estate of the husband, not including this policy on his life for the wife's benefit, only amounted to about three thousand dollars, but the widow looking to the landed estate, and having no doubt as to its solvency, in obedience to the wishes of her husband applied the insurance money to which she was entitled, to the payment of his debts.

Now, what equity is there in permitting the creditor to retain this money and require the wife to lose it? His rights have not been affected by it in any way so far as this record shows. He has lost no security by accepting this money, but on the contrary, as said in argu-

ment, the debts have only been partially paid, and, therefore, neither the creditor, nor the surety to the creditor, can be affected by it.    They are all in a court of equity for the purposes of distribution, and when each creditor gets what he is entitled to from the estate, he has no right to complain.    If the banks or other creditors have been paid in full, and others liable on the paper as surety released, it would present a different state of case— the widow, causing the creditor to surrender his claim and the surety upon it, would have to bear the loss; but no such question is presented here, and the claim of the widow to relief, it seems to us, can not be questioned. This money was paid by her as the personal representative of her husband, and before she resigned as executrix. Now, suppose there had been no provision in the will as to the payment of this life policy to creditors, and the widow, as the executrix of the husband, had proceeded to pay these debts, can there be any doubt that under the statute she could have recovered the money back, unless her action had changed the status of the creditor, such as a loss of other security ?    We think not; and a creditor who, under such circumstances, has received this money, whether in full or partial satisfaction of his debt, should be compelled to refund, and required to take of the estate his *pro rata* portion of the assets.

The judgment below is therefore reversed, with direction to grant to the widow the relief sought, as indicated in this opinion.